37 So.2d 815

**STATE v. KRAFT.**

No. 38931.

Nov. 8, 1948.

W. C. Perrault, Acting Atty. Gen., M. E. Culligan, Asst. Atty. Gen., and Herve Racivitch, Dist. Atty. and Edward A. Haggerty, Jr., Asst. Dist. Atty., both of New Orleans, for the State, appellant.

Hugh M. Wilkinson and James Wilkinson, III, both of New Orleans, for appellee.

O'NIELL, Chief Justice.

The defendant is being prosecuted under a bill of information charging that he did "have in his possession, with intent to display the same, indecent print, and movie film entitled 'Mom and Dad,'" etc.

The prosecution is for an alleged violation of the second paragraph of article 106 of the Criminal Code, which denounces as a misdemeanor "obscenity," and gives four distinct definitions of the offense, in four separate paragraphs. In the second paragraph, under which the present prosecution is brought, the offense is defined thus:

"(2) Production, sale, exhibition, possession with the intent to display, or advertisement of any indecent print, picture, written composition, model or instrument."

The defendant filed a demurrer or motion to quash the bill of information on the ground that it was unconstitutional, being violative of section 10 of article 1 of the Constitution of Louisiana, and of Amendments V and VI and XIV of the Constitution of the United States, in that the bill of information failed to inform him of the nature and cause of the accusation against him. He contended also in his demurrer or motion to quash that the statute itself was unconstitutional for the same reason, in that the word "indecent" was too broad and indefinite to inform anyone as to when or whether his conduct would constitute a violation of the statute. The judge decided that the word "indecent" was not definite or specific enough to describe any particular kind of "print, picture, written composition, model or instrument", and hence that the statute itself, as well as the bill of information, was unconstitutional. The state is appealing from the decision.

Amendments V and VI of the Constitution of the United States, are applicable only to prosecutions in a Federal court, and not to prosecutions in a State court. For that reason counsel for the defendant, of course, does not rely upon either of these amendments, but rests his case upon the 14th Amendment of the Constitution of the United States and upon section 10 of article 1 of the Constitution of Louisiana, which section provides that in all criminal prosecutions the accused shall be informed of the nature and cause of the accusation against him.

The defendant in this case relies mainly upon the decision in State v. Truby, 211 La. 178, 29 So.2d 758, which was cited with approval in State v. Vallery, 212 La. 1095, 34 So.2d 329, 330. In State v. Truby, supra, the court held that article 104 of the Criminal Code was unconstitutional insofar as it failed to define specifically the term "immoral purpose." The article denounces as a misdemeanor the keeping of a disorderly place and defines the offense as "the intentional maintaining of a place to be used habitually for any illegal or immoral purpose."

In State v. Vallery, supra, it was held that the term "any immoral act" was too indefinite to give validity to section 7 of article 92 of the Criminal Code, denouncing the crime of contributing to the delinquency of a juvenile. In that decision, which was rendered only eight months ago, and which was unanimous except that one

member of the court was absent, the decision in the Truby case was cited with approval and the doctrine of the case was expressly affirmed. The writer of the opinion in the present case dissented from the ruling in the Truby case on the ground that the use of the word "habitually" in the expression [211 La. 178, 29 So.2d 767], "to be used habitually for any illegal or immoral purpose" furnished a sufficiently specific definition of the offense. But there is nothing in the context of the statute which we are considering now, that is, the second paragraph of article 106 of the Criminal Code, to give the word "indecent" a definite meaning.

The word "indecent," standing alone, has many different meanings, according to the standard of the individual using or defining the word. In Webster's New International Dictionary the word is defined as "unbecoming or unseemly"; "indecorous, as *indecent* haste"; "morally unfit to be seen or heard"; "offensive to modesty and delicacy, as *indecent* language"; "immodest"; "impure"; "gross"; "obscene."

We recognize, of course, that the requirement in section 10 of article 1 of the Constitution of Louisiana has reference particularly to the indictment or bill of information and to such specifications or particulars as a defendant may demand in a criminal prosecution—rather than to the statute under which he is prosecuted. But this doctrine has been extended so as to apply in some measure to the statute itself.

A review of the earlier decisions on this subject is given in State v. Truby, supra, and need not be repeated here. It is sufficient to say that a criminal statute, in order to be valid and enforceable, must define the offense so specifically or accurately that any reader having ordinary intelligence will know when or whether his conduct is on the one side or the other side of the border line between that which is and that which is not denounced as an offense against the law.

The judgment is affirmed.