72 So.2d 308

**CITY OF SHREVEPORT**

v.

**BREWER et al.**

No. 41516.

March 22, 1954.

Rehearing Denied April 26, 1954.

Comegys & Harrison, Shreveport, for defendants-appellants.

J. N. Marcantel, City Atty., and John Gallagher, Asst. City Atty., Shreveport, for plaintiff-appellee.

PONDER, Justice.

The defendants were convicted of violating Paragraph (c) of Section 1 of Ordinance 82 of 1946 of the City of Shreveport and sentenced to pay a fine of $50, or in default thereof, to serve 50 days in jail. The defendants have appealed.

The defendants attacked the constitutionality of Paragraph (c) of Section 1 of the Ordinance in the City Court on the ground that it violated both the Federal and State Constitutions. The Ordinance reads as follows:

"An Ordinance defining acting in a dangerous and suspicious manner and providing penalties for its violation.

"Section 1. Be it ordained by the City Council of the City of Shreveport in legal and regular session convened, that acting in a dangerous and suspicious manner is hereby defined as follows:

"(a) Having in possession any picklock, or other tool or instrument, which from its nature is intended or fit to be used as a means of effecting a forcible entry into any house, railroad car, or building, or have in possession any pass or skeleton keys and unable to show that such possession is for a lawful purpose, or

"(b) Who shall be found in any house, railroad car, yard, garden, or building, or at or near a place of public or private entertainment or where cars are parked or who shall be looking into any building or structure where females customarily disrobe, and unable to satisfactorily account for his presence in such a place or his action, or,

"(c) Who shall be on the streets of the City after midnight without a satisfactory explanation, or

"(d) Who shall attempt to force his way into, or force his way into a place of public or private entertainment without paying the legal entrance fee.

"Section 2. Be it further ordained," etc., "That whoever shall be convicted of acting in a dangerous and suspicious manner as herein defined shall be fined not over three hundred ($300.00) dollars or imprisoned not over sixty (60) days, or both at the discretion of the Court.

"Section 3. Be it further ordained," etc., "That all ordinances or parts of ordinances in conflict herewith are hereby repealed."

It is contended that the provision in the Ordinance under which the defendants were convicted is an invalid delegation of a legislative function and that it is also violative of the 14th Amendment of the Federal Constitution and Section 10 of Article 1 of the Constitution of this State which provides that the accused shall be informed of the nature and cause of the accusation against him. The contention is levelled at the failure of the Ordinance to define the words "satisfactory explanation."

It was held in the case of State v. Rose, 147 La. 243, 84 So. 643, wherein the defendant was charged with and convicted of the violation of an act of the legislature which defined a disorderly house to be, among other things, any place in which *lewd* dancing was permitted, that the word "lewd" having no statutory definition nor technical meaning was not sufficiently definite to charge a crime. It was pointed out therein that the definition of acts which are punishable as crimes are purely legislative functions which cannot be delegated to or exercised by the courts and that it would be dangerous if the legislature could set a net large enough to catch all possible offenders and leave it to the court to say who should be detained or who should be set free. Citing United States v. Reese, 92 U.S. 214, 23. L.Ed. 563.

In the case of State v. Truby, 211 La. 178,. 29 So.2d 758, the defendants were convicted of keeping a disorderly place which was defined by statute as the intentional maintaining of a place to be used habitually for any illegal or *immoral purpose*. It was held in that case that the statute was unconstitutional because the legislature had failed to define the words "immoral purpose." The Rose case and the Reese case, cited supra,. were cited therein with approval. In the

case of State v. Vallery, 212 La. 1095, **34** So.2d 329, wherein a person was convicted of the crime of contributing to the delinquency of a juvenile, defined under Section 7 of Article 92 of the Criminal Code, LSA–R.S. 14:92(7), as "the intentional enticing, aiding, or permitting, by anyone over the age of seventeen, of any child under the age of seventeen to: * * * Perform any sexually *immoral* act", it was held that the word "immoral" did not have a fixed and definite meaning and therefore was an invalid delegation of legislative function.

In the case of State v. Kraft, 214 La. 351, 37 So.2d 815, the defendant was charged in a bill of information with having in his possession, with intent to display, an *indecent* print and movie film. The statute under which the charge was based was attacked on the ground that the word "indecent" was too broad and indefinite to inform a person as to when or whether his conduct would constitute a violation of the statute and was, therefore, unconstitutional. The lower court held that the statute was unconstitutional and on appeal we affirmed that decision. It is pertinently pointed out in that case, 214 La. 356, 37 So.2d 817: "It is sufficient to say that a criminal statute, in order to be valid and enforceable, must define the offense so specifically or accurately that any reader having ordinary intelligence will know when or whether his conduct is on the one side or the other side of the border line between that which is and that which is not denounced as an offense against the law."

Paragraph (c) of Section 1 of the Ordinance is clearly unconstitutional. The decisions herein referred to support this conclusion. The words "satisfactory explanation" are too broad and general and do not have a definite or fixed meaning.

For the reasons assigned, the conviction and sentence are set aside and the defendants are hereby discharged.