74 So.2d 392

**STATE   v.   ROTH.**

No. 41756.

May 31, 1954.

Rehearing Denied July 2, 1954.

See, also, 224 La. 439, 69 So.2d 741.

2

Eugene Stanley, New Orleans, for defendant-appellant.

Fred S. LeBlanc, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Severn T. Darden, Dist. Atty., Phil Trice, Asst. Dist. Atty., New Orleans, for appellee.

PONDER, Justice.

The defendant was convicted under a bill of information with violating Section 14:106(2) of the LSA–Revised Statutes of 1950 with having in his possession with intent to sell and display sexually indecent prints, pictures and written compositions and was sentenced to serve 18 months in the Parish Prison. He has appealed.

Four bills of exception are presented on this appeal for our consideration.

Bill of Exception No. 1 was taken to the overruling of a plea to the jurisdiction ratione personae and a motion for allotment. The plea and motion are based on the ground that the trial court did not have jurisdiction over the case for the reason that the case had not been legally alloted to Section "E" of the Criminal District Court for the Parish of Orleans as provided for in the law and rules of the court.

It appears that the defendant was previously convicted and sentenced in the lower court for possessing with intent to sell "indecent" prints, etc. and that the conviction and sentence were set aside on appeal to this Court on the ground that the word "indecent" was too broad and not sufficient under the laws of this State to charge an offense. Subsequently a new bill of information was filed in the lower court under a different docket number charging the defendant with having "sexually indecent" prints, etc., in his possession with intent to sell and display and the case was alloted to Section "E" of the Criminal District Court, the same section of the court that the previous bill of in-

■■■■■

formation had been alloted to. Defendant was tried, convicted and sentenced by the Judge of Section "E" of the Criminal District Court.

The defendant contends that no allotment of the case was made and that he was deprived of the benefit of allotment of his case in accordance with the law and the rules of court. It is provided in Article 7, § 86 of the Constitution of Louisiana that all prosecutions instituted in the Criminal District Court for the Parish of Orleans shall be equally alloted by classes among the judges of the court and each judge shall have exclusive control over the case alloted to him from its inception to final disposition. A similar provision is contained in LSA–R.S. 13:1343. It is provided in Rule 6, Section 2 of the Rules of the Criminal District Court that any "information filed or an indictment found, shall be alloted to the same section as the original affidavit * * *."

■■■ It appears that the allotments in the Criminal District Court are made on the original affidavit and that the bill of information involved herein was based on and followed the allotment of the original affidavit. It does not appear that there was any error in the allotment of the case. The sole purpose of the law relating to the allotment of cases is to insure an equal distribution among the sections of the court. State v. Rose, 114 La. 1061, 38 So. 858. It is not contended or proved that the rules of the Criminal District Court

do not insure equal distribution of the cases among the sections of the court. Moreover, there is nothing in the record to indicate that the defendant has suffered any injury by the method used in alloting the case. Such being the case, we would not be warranted in setting aside the conviction and sentence. LSA–R.S. 15:557.

■ Bill of Exception No. 2 was taken to the overruling of a demurrer and a motion to quash based on the ground that LSA–R.S. 14:106 is unconstitutional in that the term "sexually indecent" is too broad and indefinite to inform the defendant of the nature of the charge against him and whether or not his conduct constituted a violation of the statute. In support of this contention defendant cites State v. Kraft, 214 La. 351, 37 So.2d 815; State v. Vallery, 212 La. 1095, 34 So.2d 329 and State v. Truby, 211 La. 178, 29 So.2d 758. It was held in the Kraft case that the word "indecent" was too broad and in the Vallery and Truby cases the word "immoral" was held to be too broad. In the present case the words "sexually indecent" are well defined and have an accepted meaning that is not susceptible to misunderstanding. In the Kraft case, supra, the defendant was charged with having in his possession with intent to display an "indecent" print and movie film in violation of Article 106 of the Criminal Code wherein obscenity was defined as "(2) * * * possession with the intent to display, * * * any indecent print

\* \* \*." After the decision was handed down in the Kraft case this section defining obscenity was amended so that it now reads "possession with intention to display \* \* \* *sexually indecent* print \* \* \*," which sufficiently informs the defendant of the nature of the accusation.

█ The defendant contends that the bill of information is defective because it was not alleged that the sexually indecent prints alleged to have been in the possession of the defendant with intent to sell and display were obscene, lewd, lascivious or filthy. Section 2 of LSA–R.S. 14:106 in defining obscenity sets out that it is possession with intent to display "\* \* \* any obscene, lewd, lascivious, filthy, *or sexually indecent* print \* \* \*." (Italics ours.) It is apparent that the lawmakers intended by the context of the language used that either of these enumerated acts would constitute the offense denounced by LSA–R.S. 14:106. It is obvious from the use of the word "or" that this was their intention.

Bills of Exception Nos. 3 and 4 are levelled at the overruling of a motion for a new trial and a motion in arrest of judgment based on the same grounds urged in Bills of Exception Nos. 1 and 2. Our conclusion in regard to Bills of Exception Nos. 1 and 2 has disposed of these issues.

For the reasons assigned, the conviction and sentence are affirmed.

FOURNET, C. J., and MOISE, J., absent.