94 So.2d 446 (1957)
232 La. 486
STATE of Louisiana
v.
Peter W. MURTES.
No. 43277.
Supreme Court of Louisiana.
February 25, 1957.
Rehearing Denied April 1, 1957.
Jack P. F. Gremillion, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., J. St. Clair Favrot, Dist. Atty., Ralph L. Roy, Asst. Dist. Atty., Baton Rouge, for appellant.
Richard Dowling, New Orleans, for appellee.
SIMON, Justice.
This is an appeal by the State from a judgment quashing an indictment against the defendant which charged him with having violated LSA-R.S. 48:422, which provides in part as follows: "* * * no member of the legislature or officer of the executive department of the state shall be in any way interested in any contract for the building or improving of any highway or any other public work coming under the supervision of the Department of Highways or in any contract for the furnishing of any material or supplies of any kind to be used in connection therewith, nor shall any such member or officer receive any gratuity, commission, or payment of any sort as compensation for the procurement of any such contract."
The Grand Jury of East Baton Rouge Parish returned a bill of indictment in the Nineteenth Judicial District Court against Peter W. Murtes, charging him with being, between November 1, 1952 and January 31, 1955, while a member of the House of Representatives of the Legislature of Louisiana, interested in certain contracts for *447 the furnishing of material and supplies to the Department of Highways of the State of Louisiana to be used in connection with the building and improving of highways or other public works coming under the supervision of the said Department of Highways, the said contracts being for the sale and delivery of certain paints, he, the said Peter W. Murtes, being then and there in the employment of and acting for the Murtes Paint Company on a salary and commission basis.
Before trial of the charge contained in the indictment the accused filed a motion to quash said indictment. After hearing was had thereon the trial judge concluded that the Legislature in enacting the statute failed to define the word "interested" and sustained the motion to quash on the ground that said statute was unconstitutional, being violative of the La.Const.1921, Art. 1, Sec. 10, LSA, which provides that the accused shall be informed of the nature and cause of the accusation against him, and being violative of the 14th Amendment of the Constitution of the United States.
In support of its judgment the trial court relied upon and cited: State v. Rose, 147 La. 243, 84 So. 643; State v. Truby, 211 La. 178, 29 So.2d 758; State v. Kraft, 214 La. 351, 37 So.2d 815; City of Shreveport v. Brewer, 225 La. 93, 72 So.2d 308.
The State reserved a bill of exception and an appeal to us relies thereon for the reversal of the judgment sustaining the motion to quash.
The State contends that the cases of State v. Evans, 214 La. 472, 38 So.2d 140, and State v. Roth, 226 La. 1, 74 So.2d 392 are pertinent to and controlling in the case at bar. In the Evans case, in considering the constitutionality of a statute, we held the words "to prospect" and "mechanical device" to have a well-defined and accepted common-place meaning and to be not of a vague and general nature such as would render the act unconstitutional; in the Roth case, the words "sexually indecent" were held as having a well-defined meaning as against the contention that they had no fixed meaning.
Thus the State contends that the word "interested" in the instant case is well-defined and has a meaning as well fixed as the disputed words in the Evans and Roth cases in that the word "interested" as used in LSA-R.S. 48:422 is defined, modified, and described to be interested "in any way."
The word "interested" is defined in Webster's New International Dictionary, Second Edition, as: "1. Having the attention engaged; having emotion or passion excited; as an interested listener. 2. Having an interest; having a share or concern in some project or affair; involved; liable to be affected or prejudiced; as, an interested witness; having self-interest; not disinterested; as generosity proceeding from interested motives."
Conceivably the interest contemplated and intended to be prohibited by the statute could be a financial interest, but not an interest based on sentimental or ethical considerations alone. But the statute does not define so the term as used therein. It is further conceivable that interest which is a financial interest, which touches one's pocket, is apt to prejudice the judgment. Interest which amounts to mere sentiment, good-will, or civic-mindedness may, and perhaps in rare cases does, so color the judgment of some, but the danger in the latter respect is far more remote. Manifestly the statute's failure to indicate, determine, or define the interest which it seeks to prohibit is conspicuously fatal.
In the Rose case, supra, the legislative act involved therein was decreed constitutional primarily because the word "lewd" was used in connection with and descriptive of the word dancing. In the Truby case, supra, the legislative act therein involved was declared unconstitutional because of the vagueness of the words "immoral purpose." In the Vallery case, State v. Vallery, 212 La. 1095, 34 So.2d 329, the legislative act therein involved was declared *448 unconstitutional in that the word "immoral" did not have a fixed and definite meaning. In the Kraft case, supra, the act therein was declared unconstitutional because of the vagueness of the word "indecent." And in the Brewer case, supra, the act therein was declared unconstitutional in that the words "satisfactory explanation" were too broad and general and did not have a definite or fixed meaning.
Hence, it is sufficient to say that a criminal statute, in order to be valid and enforceable, must define the offense so specifically and accurately that any reader having ordinary intelligence will know when or where his conduct is on the one side or the other of the borderline between that which is and that which is not denounced as an offense against the law. La.Const.1921, Art. 1, Sec. 10; State v. Kraft, and City of Shreveport v. Brewer, supra.
This principle of law is recognized in each of the above cited cases and is the well established jurisprudence of this State.
In the case of State v. Truby, supra [211 La. 178, 29 So.2d 765], we said: "It is well settled that the determination or definition of acts which are punishable as crimes is a purely legislative function which cannot be delegated to, or exercised by, the courts. For, as pointed out in United States v. Reese [92 U.S. 214, 23 L.Ed. 563], supra, it would `certainly be dangerous if the legislature could set a net large enough to catch all possible offenders, and leave it to the courts to step inside and say who could be rightfully detained, and who should be set at large.'"
Courts can do no more than interpret and construe statutes. They cannot, under the guise of interpretation, assume legislative function. State v. Vallery, supra.
In the instant case the words of the statute "in any way interested" are so broad, general and vague as to fail to define the offense which the statute seeks to prohibit; and moreover it fails to constitutionally inform the purported offender of the action denounced as an offense.
For the reasons assigned LSA-R.S. 48:422 is hereby declared to be unconstitutional and the judgment of the trial court is accordingly affirmed.
FOURNET, C. J., absent.
HAMITER, J., concurs with written reasons.
HAMITER, Justice (concurring).
Believing that the declaration of unconstitutionality announced by the majority is intended to affect only that portion of LRS 48:422 which relates to a person who is "in any way interested in any contract", I concur in the decree affirming the judgment of the trial court.
PER CURIAM.
As the result of an application for rehearing we are aware of a need for a clarification of our decree. Our opinion clearly relates to the unconstitutionality of only that portion of LSA-R.S. 48:422, which prohibits any member of the Legislature or officer of the Executive Department of the State from being "in any way interested in any contract" for the building or improving of any highway or any other public work coming under the supervision of the Department of Highways or in any contract for the furnishing of any material or supplies of any kind to be used in connection therewith.
Accordingly, our decree is recast to read as follows:
For the reasons assigned, LSA-R.S. 48:422 insofar as it prohibits any member of the Legislature or officer of the Executive Department of the State from being "in any way interested in any contract" for the building or improving of any highway *449 or any other public work coming under the supervision of the Department of Highways or in any contract for the furnishing of any material or supplies of any kind to be used in connection therewith is hereby decreed to be unconstitutional and the judgment of the trial court is accordingly affirmed.