131 So.2d 788

STATE of Louisiana

v.

Alphonse HERTZOG.

No. 45553.

June 29, 1961.

Jack P. F. Gremillion, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Sargent Pitcher, Jr., Dist. Atty., Ralph L. Roy, Asst. Dist. Atty., Baton Rouge, for appellant.

Daniel W. LeBlanc, Baton Rouge, for appellee.

HAMITER, Justice.

A bill of information charged that Alphonse Hertzog, on or about January 1, 1961, " * * * within the jurisdiction of the Nineteenth Judicial District Court of Louisiana in and for the Parish of East Baton Rouge, then and there being, unlawfully you made a local anonymous telephone call to Mrs. Betty Martrain, wherein you used vulgar language, * * *."

Although the information did not refer to the statute denouncing the act allegedly committed it appears that the basis therefor was LRS 14:285 (Act 435 of 1954, as amended by Act 121 of 1958) which, in part, recites: "No person shall engage in or institute a local telephone call, conversation or conference of an anonymous nature and therein use obscene, profane, vulgar, lewd, lascivious or indecent language, suggestions or proposals of an obscene nature and threats of any kind whatsoever."

In a motion to quash the defendant alleged that the information was defective in that the word "vulgar" is too broad and indefinite to have any legal meaning and to properly inform him of the nature and cause of the accusation. Also, he averred that, because of the indefiniteness of such word, the statute on which the charge against him was based is unconstitutional insofar as it denounces the use of vulgar language.

The district judge sustained the motion to quash, he having concluded (to quote from

his per curiam) that " * * * the Bill of Information and that part of the statute which makes it a criminal offense to use *vulgar* language in such a telephone call are violative of Article 1, Section 10 of the Louisiana Constitution." And from such ruling the state perfected the instant appeal.

If the language prohibited by LRS 14:285 were described therein as being only that which is "vulgar" such statute would lack the certainty and definiteness that is constitutionally required. "Vulgar" is a general word of many varied meanings as is shown by the numerous definitions thereof listed in Webster's New International Dictionary, Second Edition, Unabridged, some of which are:

"1. Of or pertaining to the common people or general public, common; general; ordinary; public; popular.

* * * * * *

"2. Belonging or relating to the common people as distinguished from the cultivated or educated, * * * plebian. * * *

* * * * * *

"4. Of a word or expression, coarse, profane, obscene, or the like."

However, in the statute involved here the word "vulgar" is accompanied by several specific adjectives which may and should be

considered, under the rule noscitur a sociis, as imparting to it a restricted and definite meaning. In Black's Law Dictionary the rule is declared to be as follows: "It is known from its associates. * * * The meaning of a word is or may be known from the accompanying words. * * * Under this rule general and specific words, capable of analogous meaning, when associated together, take color from each other, so that general words are restricted to a sense analogous to less general. * * *"

The rule just quoted was recognized in State v. Truby et al., 211 La. 178, 29 So.2d 758 in connection with a review of a number of cases involving the construction of criminal statutes alleged to be too broad and indefinite. Therein, reference was made to several of them in which words and phrases of general meaning, when accompanied by specific other words, were held to be unobjectionable. Thus, we observed that in State v. Savant, 115 La. 226, 38 So. 974, "What the court did * * * was to take the specific words, 'prostitution' and 'house of ill fame,' and from these words give color to the more general phrase, 'unlawful sexual intercourse,' and thus restrict the general phrase to a sense analogous to the words of more specific meaning." [211 La. 178, 29 So.2d 762.]

With respect to the decision in United States v. Lewis, Seventh Circuit Court of Appeals, 110 F.2d 460 (a writ of certiorari was denied by the United States Supreme Court, 310 U.S. 634, 60 S.Ct. 1077, 84 L.Ed. 1404), we said in the Truby case that it "* * * is full authority for the proposition that the Federal courts, in construing the White-Slave Traffic Act [18 U.S.C.A. § 2421 et seq.], have treated the words 'other immoral purpose' when used alone as not being susceptible of a definite and fixed meaning, and have construed these words to mean 'prostitution' and 'debauchery' because of their association with the words 'prostitution' and 'debauchery,' * * *."

Also in the Truby case we cited State v. Rose, 147 La. 243, 84 So. 643, and from it we copied with emphasis this comment: "* * * It is not in the abstract, however, that we find the exact meaning of a word, but in the context or combination of words. * * *"

Later, in State v. Saibold, 213 La. 415, 34 So.2d 909, 911 this court again gave recognition to the discussed rule; and we held that while the word "lewd", if used alone, is of a very broad scope it becomes restricted and definite in its meaning when employed in association with the word "lascivious" and "connotes actions or gestures of a lustful and lecherous nature."

The above mentioned cases are readily distinguishable from those wherein words of only general meaning were used in describing acts made illegal by the statutes involved. In the latter group are State v. Comeaux, 131 La. 930, 60 So. 620 (indecent

assault), State v. Vallery et al., 212 La. 1095, 34 So.2d 329 (performance of an immoral act), and State v. Kraft, 214 La. 351, 37 So. 2d 815 (indecent prints, etc.).

 The word "vulgar" in the statute presently under consideration, unlike the general words referred to in the next preceding paragraph, does not stand alone (as pointed out above) in describing the condemned action. Rather, it is used in connection with specific words capable of analogous meaning, and the import of all of them is readily understandable when they are considered together. Particularly, such word "vulgar" takes color from the accompanying adjectives of obscene, profane, lewd and lascivious; by reason of them it becomes restricted and definite; and such association clearly exhibits that it is to be viewed only in the sense of moral baseness. Therefore, it is our opinion that LRS 14:285, when considered in its entirety as should be done, is not unconstitutional.

But this defendant's attack on the information itself has merit. That instrument neither makes reference to the involved statute nor tracks its verbiage. It charges only that the defendant used "vulgar language" in the alleged telephone call. As shown above the adjective "vulgar", standing alone, is indefinite, broad, and susceptible of various meanings. From which it follows that the information itself is defective in that it does not properly inform the defendant of the nature and cause of the accusation against him.

Consequently, we conclude that the district judge correctly sustained the motion to quash, notwithstanding that the statute under which the charge was filed is valid. See State v. Roth, 224 La. 439, 69 So.2d 741 and 226 La. 1, 74 So.2d 392.

For the reasons assigned the judgment of the district court quashing the bill of information herein is affirmed.

HAWTHORNE, J., does not participate.