358 So.2d 280 (1978)
STATE of Louisiana
v.
William SKINNER.
No. 60519.
Supreme Court of Louisiana.
April 10, 1978.
Rehearing Denied May 19, 1978.
*281 Edwin A. Stoutz, Jr., New Orleans, for defendant-appellee.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise S. Korns, Robert F. Barnard, Asst. Dist. Attys., for plaintiff-appellant.
SANDERS, Chief Justice.
The State charged the defendant, William Skinner, with two counts of selling a vehicle without delivering the certificate of title to the purchaser, violations of LSA-R.S. 32:705.[1] The defendant filed motions to quash, alleging the unconstitutionality of the statute under which he was charged. The trial court sustained the motions, ruling that LSA-R.S. 32:705 was "impractical" in requiring delivery of the certificate of title at the time of the sale.
The State appeals, supporting the statute's constitutionality.
LSA-R.S. 32:705 provides in pertinent part:
"On and after December 15, 1950, no person shall sell a vehicle without delivery *282 to the purchaser thereof, whether such purchaser be a dealer or otherwise, a certificate of title issued under this Chapter in the name of the seller with such signed endorsement of sale and assignment thereon as may be necessary to show title in the purchaser; . . ."
The defendant's principle contention is that LSA-R.S. 32:705 is unconstitutionally vague in that it fails to alert a person of ordinary intelligence as to when the seller must deliver the certificate of title to the purchaser. He alleges that if the statute requires delivery at the time of sale, there is an inconsistency within the statutory scheme since LSA-R.S. 32:707 states that a purchaser must file an application for certificate of title with the Vehicle Commissioner within five days after delivery of the vehicle.
Every statute is presumed constitutional, and the burden of clearly establishing its unconstitutionality rests upon the party attacking it. State v. Everfield, La., 342 So.2d 648 (1977); State v. Newton, La., 328 So.2d 110 (1976). However, a statute is unconstitutionally vague if it fails to give a person of ordinary intelligence fair notice that his conduct is criminal. Rose v. Locke, 423 U.S. 48, 96 S.Ct. 243, 46 L.Ed.2d 185 (1975); State v. Booth, La., 347 So.2d 241 (1977); State v. de la Beckwith, La., 344 So.2d 360 (1977). In interpreting a statute its "(w)ords and phrases shall be read with their context and shall be construed according to the common and approved usage of the language." LSA-R.S. 1:3. In addition, courts should construe all statutes to give effect to the legislative intent. Bonnette v. Karst, 261 La. 850, 261 So.2d 589 (1972); Fruge v. Muffoletto, 242 La. 569, 137 So.2d 336 (1962); Johnson v. Sewerage District No. 2 of Parish of Caddo, 239 La. 840, 120 So.2d 262 (1960).
Applying these rules of construction, this Court holds LSA-R.S. 32:705 constitutional. As we construe it, the statute requires all sellers of vehicles to deliver the certificate of title which has been endorsed and assigned to the buyer at the time of the sale. This interpretation conforms with the main intention of the legislature: to protect buyers by preventing sellers from withholding title until full payment is made. This statute also protects persons holding security devices and the public by strengthening the security of vehicle titles. See 60 C.J.S. Motor Vehicles § 42(1), p. 286.
LSA-R.S. 32:705 is not inconsistent with LSA-R.S. 32:707, as the defendant argues. The statutes refer to different certificates of title. LSA-R.S. 32:707 provides that, in five days after the delivery of the vehicle, the buyer must file an application for certificate of title with the Vehicle Commissioner. This is a new certificate listing the car in the buyer's name. LSA-R.S. 32:705 requires immediate transfer of a certificate of title standing in the name of the former owner, but which is endorsed and assigned to the buyer.
Secondly, the defendant submits the following argument in further support of his allegations of unconstitutionality:
"Where credit sales of automobiles are involved, the vendor has only two options available in order to protect his interest in the balance due. He can record a chattel mortgage on the automobile and thus obtain a security device, or he can hold onto the title certificate until the balance is paid. In order to obtain the chattel mortgage, the vendor must advance the sales tax and transfer fees even though he has no legal obligation to the State to collect these taxes and fees. Thus, he is deprived of his property without benefit of due process in violation of the 14th Amendment to the United States Constitution. Further, he is made an unwilling agent for the State in those instances where the sale is made on credit and he must advance the necessary fees, which is repugnant to the equal protection clause."
In essence, this contention attacks the validity of the chattel mortgage law. Its validity is irrelevant to the present prosecution for failure to deliver a certificate of title at the time of the sale. Moreover, the defendant did not obtain a chattel mortgage on either vehicle which was sold without *283 delivery of title. As he did not "advance the sales tax and transfer fees," he has not been deprived of any property, and thus has no viable complaint.
Finally, he avers that LSA-R.S. 32:705 violates equal protection guarantees because at least 50% of used car salesmen who deal in credit sales violate the statute, but there has never been any case reported under that statute in its 26-year life. Basically, he contends that he has been singled out for prosecution.
In State v. Anderson, 206 La. 986, 20 So.2d 288 (1944), addressing a similar contention, we quoted the United States Supreme Court as follows:
"`The unlawful administration by state officers of a state statute fair on its face, resulting in its unequal application to those who are entitled to be treated alike, is not a denial of equal protection unless there is shown to be present in it an element of intention or purposeful discrimination. This may appear on the face of the action taken with respect to a particular class or person, or it may only be shown by extrinsic evidence showing a discriminatory design to favor one individual or class over another not to be inferred from the action itself. But a discriminatory purpose is not presumed, there must be a showing of "clear and intentional discrimination".'" [Citations deleted.] Snowden v. Hughes, 321 U.S. 1, 64 S.Ct. 397, 88 L.Ed. 497 (1943).
At the hearing on the motion, the defendant called two witnesses who worked for automobile title companies. One testified that used car sellers followed LSA-R.S. 32:705 only 50% of the time, and the other testified that sellers did not universally comply with it.
This evidence is insufficient to prove "clear and intentional discrimination" on the part of the State in enforcement of the statute. See Pier I Imports, Inc. v. Pitcher, La.App., 270 So.2d 228 (1972).
In conclusion, we hold that LSA-R.S. 32:705 is constitutional. Hence, the district court erred in sustaining the defendant's motions to quash.
For the reasons assigned, the ruling of the district court is reversed, the motions to quash are overruled, and the case is remanded to the district court for further proceedings according to law and consistent with the views herein expressed.
DENNIS, J., dissents and assigns reasons.
CALOGERO, J., dissents for reasons assigned by DENNIS, J.
DENNIS, Justice, dissenting.
The majority opinion fails to discuss the more important issue presented, viz., whether the statute is unconstitutionally vague because it does not state definitely when the certificate of title must be delivered.
La.R.S. 32:705, in pertinent part, provides that ". . . no person shall sell a vehicle without delivery to the purchaser thereof . . . a certificate of title . . ."
Article I, Section 13 of the Louisiana Constitution of 1974 provides that an accused in a criminal prosecution "shall be informed of the nature and cause of the accusation against him." This Court, in State v. Mitchell, 319 So.2d 357 (La.1975), held that the Louisiana constitutional guarantee of due process of law is synonymous with the federal constitutional requirement of statutory definiteness set forth by the Supreme Court in United States v. Harriss, 347 U.S. 612, 617, 74 S.Ct. 808, 812, 98 L.Ed. 989 (1954):
"The constitutional requirement of definiteness is violated by a criminal statute that fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute. The underlying principle is that no man shall be held criminally responsible for conduct which he could not reasonably understand to be proscribed."
See also, Marks v. United States, 430 U.S. 188, 97 S.Ct. 990, 51 L.Ed.2d 260 (1977); Rose v. Locke, 423 U.S. 48, 96 S.Ct. 243, 46 L.Ed.2d 185 (1975).
*284 In Connick v. Lucky Pierre's, 331 So.2d 431, 434 (La.1976), we discussed the characteristics of a statute which is void for vagueness:
"The fourteenth amendment of the United States Constitution, as well as Article I, Section 2 of the Louisiana Constitution of 1974, command that words and phrases used in statutes be not so vague and indefinite that any `penalty' prescribed for their violation constitutes the taking of liberty or property without due process of law. Wright v. Georgia, 373 U.S. 284, 83 S.Ct. 1240, 10 L.Ed.2d 349 (1963); Lanzetta v. New Jersey, 306 U.S. 451, 59 S.Ct. 618, 83 L.Ed.2d [sic] 888 (1939); State v. Lindsey, 310 So.2d 89 (La.1975); City of Shreveport v. Brewer, 225 La. 93, 72 So.2d 308 (1954). Thus any statute which either forbids or requires the doing of an act and which, therefore, acts as a guide to future conduct, is deemed to be void for vagueness if `men of common intelligence must necessarily guess at its meaning and differ as to its application . . .' Connally v. General Construction Co., 269 U.S. 385, 391, 46 S.Ct. 126, 127, 70 L.Ed. 322 (1926). See U. S. v. Harriss, 347 U.S. 612, 74 S.Ct. 808, 98 L.Ed. 989 (1954); State v. Dardar, 257 La. 191, 241 So.2d 905 (1970); State v. Cloud, 248 La. 125, 176 So.2d 620 (1965); State v. Robertson, 241 La. 249, 128 So.2d 646 (1961); Note, 109 U.Pa.L.Rev. 67 (1960); Note, 62 Harv.L.Rev. 77 (1948)."
The statutory section under attack, La. R.S. 32:705, does not explicitly state when delivery of the certificate of title must be made to the purchaser of the automobile. The State argues that, in the absence of an express provision as to time of delivery, a reasonable interpretation of the statute would require transfer of the title certificate contemporaneously with the sale of the vehicle. However, this construction does not remove the guesswork for a person of ordinary learning and intelligence who would avoid criminal conduct under the statute. Since La.R.S. 32:705 does not specify when the sale takes place, reasonable laymen of common intelligence could easily differ on whether a sale is completed upon delivery of the vehicle, payment of the purchase price, signing of a bill of sale, or the happening of some other event. Of course, an attorney would know that, under Civil Code Article 2456, the sale is perfected as soon as there exists an agreement for the object and for the price, although there has not yet been delivery of the object or payment of the price.[1] But if this is the meaning intended by the legislature, it is much too esoteric for a criminal statute. Persons of ordinary learning and intelligence reasonably could be unaware that a sale can be perfected legally before delivery of the vehicle or payment of the price and therefore not have fair notice that their contemplated conduct is proscribed. For these reasons, we should conclude that the criminal provisions of La.R.S. 32:705 do not meet the constitutional requirement of definiteness and are unconstitutionally vague.
The motor vehicle certificate of title statutes of other states, many of which also carry criminal penalties for noncompliance, specify with much more particularity the time at which the certificate of title must be delivered. The Uniform Motor Vehicle Certificate of Title and Anti-Theft Act, which has been adopted, with slight modifications, in nine jurisdictions[2] provides that the certificate shall, at the time of the delivery of the vehicle, be mailed or delivered to the transferee or to the Department of Motor Vehicles. The transfer-at-delivery approach is also utilized in several states which have not adopted the Uniform Act.[3]
*285 I have not conducted an exhaustive study of all state statutes, but my research convinces me that criminal sanctions for the enforcement of certificate of title laws may be enacted which fulfill the constitutional requirement of definiteness.
The unconstitutionality of La.R.S. 32:705 would not affect the remainder of the Louisiana Vehicle Certificate of Title Law, La. R.S. 32:701, et seq., because the section containing the faulty definition of criminal conduct is severable from the other provisions of the statute. The severance clause contained in Act 342 of 1950, by which the law was enacted, creates a presumption in favor of severability. Guidry v. Roberts, 335 So.2d 438 (La.1976); State ex rel. Kemp v. City of Baton Rouge, 215 La. 315, 40 So.2d 477 (1949). The defective section is not so interrelated and connected with the other portions as to indicate that the legislature would not have enacted one part without the remainder. Roy v. Edwards, 294 So.2d 507, 511 (La.1974).
The judgment of the district court should be affirmed.
I respectfully dissent.
NOTES
[1] LSA-R.S. 32:731 imposes a penalty of imprisonment for a term not exceeding ninety days and/or a fine not exceeding $500 for each violation.
[1] "La.Civ.Code Art. 2456. The sale is considered to be perfect between the parties, and the property is of right acquired to the purchaser with regard to the seller, as soon as there exists an agreement for the object and for the price thereof, although the object has not yet been delivered, nor the price paid."
[2] Alabama, Connecticut, Maine, Massachusetts, Minnesota, New Hampshire, New York, Rhode Island and Vermont. See, Uniform Laws Ann., Vol. 11, pp. 421 et seq.
[3] E. g., Arizona, Delaware, Illinois, and Michigan. See, Ariz. R.S. 28-314; Del.Code 21:2501; Ill.Stat. 95½ § 3-112; Mich.Stat. 9.1933 [M.C. R.A. § 257.233]. Some states, while providing that transfer shall occur upon delivery of the vehicle, allow a "grace period" of some days before criminal penalties attach.