195 So.2d 297 (1967)
KAOK-CATV, INC., Plaintiff-Appellant,
v.
LOUISIANA CABLE T. V., INC., Defendant-Appellee.
No. 1918.
Court of Appeal of Louisiana, Third Circuit.
February 15, 1967.
Stewart & Bond, by John R. Stewart, Lake Charles, for plaintiff-appellant.
*298 Kaufman, Anderson, Leithead, Scott & Boudreau, by James A. Leithead, Lake Charles, for defendant-appellee.
Before TATE, SAVOY and CULPEPPER, JJ.
SAVOY, Judge.
Plaintiff and defendant are two domestic corporations engaged in the business of receiving signals from television stations and piping these signals through a cable, to which, for a monthly fee, owners of television sets may connect and receive programs on the various channels which plaintiff and defendant receive and transmit.
Both parties to this litigation have a non-exclusive franchise within the City Limits of Lake Charles, Louisiana, for the purpose mentioned above.
Plaintiff also has a non-exclusive franchise from the Parish of Calcasieu, Louisiana, to furnish direct wire reception of television, music and like programs throughout Calcasieu Parish, and to use and occupy the alleys, streets, roads, highways, bridges, lines, sidewalks, rights-of-way easements and servitudes which are under the control and jurisdiction of Calcasieu Parish in connection with its cable system.
Defendant corporation does not have a franchise from the Parish of Calcasieu, Louisiana.
On August 6, 1966, defendant commenced the construction of an antenna tower and transmission cable. The tower and a portion of the cable were located outside the corporate limits of the City of Lake Charles, Louisiana, but within the Parish of Calcasieu, Louisiana. Defendant used telephone poles for said cable by virtue of a contract with Southern Bell Telephone and Telegraph Company. The poles and cable are located on road right-of-way maintained by and under the control of the Police Jury of Calcasieu Parish, the governing body of said parish.
Shortly after defendant commenced its operation outside of the corporate limits of the City of Lake Charles, plaintiff filed the present suit praying for a preliminary injunction against defendant enjoining it from operating in the Parish of Calcasieu outside the corporate limits of the City of Lake Charles, Louisiana.
The grounds for injunctive relief are two-fold:
1. That defendant does not have a franchise from the Police Jury of Calcasieu Parish, and, therefore, cannot operate in the Parish of Calcasieu; and
2. That defendant has not operated under its franchise from the City of Lake Charles, Louisiana, and because of its unlawful acts, is causing plaintiff irreparable injury.
We shall discuss the first ground urged for the granting of the injunction, because if this ground is not valid, the second ground will be moot insofar as the instant case is concerned.
We shall commence a discussion of the subject by stating that police juries, being creatures of and political subdivisions of the state have only those powers as are conferred upon them by the Constitution and laws of this State. Washington Parish Police Jury v. Washington Parish Hospital S. D., (La.App., 1 Cir., 1963), 152 So.2d 362, writ refused 244 La. 669, 153 So.2d 883, (and cases cited therein).
The powers of police juries are set forth in LSA-R.S. 33:1236. Among the powers granted to police juries dealing with roads are those contained in Sections (2) and (20), which read as follows:
"(2) To regulate the proportion and direction, the making and repairing, of the roads, bridges, causeways, dikes, dams, levees, and highways, and when, in the opinion of the police jury, such *299 work will further the best interests of the parish and the parish road system, the police jury may perform all or any part of the repair, maintenance and care of roads, streets, alleys, bridges, and culverts, situated within and under the jurisdiction of any municipality, with less than five thousand inhabitants, in the parish."
"(20) To pass all ordinances and regulations which they deem necessary to govern and regulate the laying out of subdivisions, re-subdivisions, roads, streets, alleys, ways, subways, viaducts, bridges, parks, parkways, boulevards, playgrounds, community centers and other public buildings, grounds, or improvements, and the location, re-location, widening, removal, vacation or extension or other improvements of such existing public works; the platting of land into lots, roads, streets, and other dedicated or private ways; the location, re-location, development, routing, and re-routing of transit and transportation lines, which in the opinion of the police jury are in the interest of the systematic planning of the parish."
LSA-R.S. 33:4361 provides that police juries may grant franchises for use of streets, roads and alleys located outside of municipalities for specific purposes. LSA-R.S. 33:4361 contains the following language, to-wit:
"Police juries may, subject to any conditions, regulations, and restrictions which they impose, grant franchises over the public places, roads, streets, and alleys of their respective parishes, not within the limits of any municipality, to any person for:
"(1) The construction, maintenance, and operation of lines of poles and wire for the transmission of electric current for heat, light, or power;
"(2) Laying, maintaining and operating lines of pipe or mains for supplying gas or water in, over, under or along the public roads, streets or alleys;
"(3) The construction, maintenance, and operation of sewerage and drain pipes across, along and underneath the roads, alleys and public places;
"(4) The construction, maintenance and operation of railways utilizing electric or motive power other than steam, under the conditions hereinafter set forth."
There is also a provision in the Revised Statutes dealing with the right of certain corporations to use the public roads. This is LSA-R.S. 45:781, which provides in part:
"Corporations, domestic or foreign, formed for the purpose of transmitting intelligence by telegraph or telephone or other system of transmitting intelligence, may construct and maintain telegraph, telephone or other lines necessary to transmit intelligence along all public roads or public works, and along and parallel to any of the railroads in the state, and along and over the waters of the state, if the ordinary use of the roads, works, railroads and waters are not obstructed, and along the streets of any city, with the consent of the city council or trustees. * * *"
After trial in the district court the district judge held for defendant, stating that under the provisions of LSA-R.S. 33:1236, the powers of the police juries were limited. He also found that by virtue of LSA-R.S. 45:781, defendant did not need a franchise from the Calcasieu Parish Police Jury since he interpreted the term used in LSA-R.S. 45:781 "transmitting intelligence" as applying to defendant's cable business. Plaintiff has appealed to this Court.
Counsel for plaintiff argues that it was not logical for the district judge to base his decision on LSA-R.S. 45:781 because this statute was enacted prior to the invention of television, and that the police jury has the authority to grant the franc use *300 which plaintiff acquired by virtue of Section (1) of LSA-R.S. 33:4361, which authorizes the police jury to grant a franchise for construction and maintenance of poles and wires for the transmission of electrical current for heat, light, or power. We might remark in passing that when the above statute was enacted, television had not come into existence.
A determination of the issue will depend on the construction placed on LSA-R.S. 33:4361 and LSA-R.S. 45:781.
We believe the construction placed on the statutes by the district judge is the most logical one.
In our opinion Section (1) of LSA-R.S. 33:4361 is plain and unambiguous and states that police juries are empowered to grant franchises for the transmission of heat, light and power, and this grant of power cannot be extended to mean the transmission of television images, pictures and educational programs by means of a cable system.
Likewise, we are of the opinion that under LSA-R.S. 45:781, defendant may use the Southern Bell Telephone and Telegraph Company poles which are located on parish road rights-of-way for the transmission of television pictures, for the term used in LSA-R.S. 45:781, "transmitting intelligence" by telegraph, telephone or other system, is broad enough to include transmission of television programs. Therefore, the defendant need not obtain a franchise from the parish.
Miss Rock, Secretary of the Police Jury, stated that in her thirty-four years with the Jury, the franchise issued to plaintiff was the first ever issued by Calcasieu Parish.
Having concluded that the defendant need not obtain a franchise from the police jury to operate in Calcasieu Parish, the second contention becomes moot for plaintiff cannot collaterally attack the franchise granted to defendant by the City under the facts of this case. the case of the Town of Coushatta v. Valley Electric Member. Corp., (La.App., 2 Cir., 1961), 139 So.2d 822, is not applicable here because in that case defendant had not obtained a franchise from the Town of Coushatta, Louisiana, to use its streets and public ways. Under LSA-R.S. 33:4401, the Town of Coushatta was expressly authorized to grant a franchise for the use of its streets for electric transmission; whereas, in the instant case, we find no authority vested in the police jury to grant a franchise for a television cable system.
For the reasons assigned, the judgment of the district court is affirmed at appellant's costs.
Affirmed.