CLEVELAND J. MARCEL, Sr., Judge Pro Tem.
In this workmen’s compensation case, plaintiff Louis David appeals a judgment of the trial court finding his disability to be temporary and partial. He contends it is total and permanent.
The facts in this case are not seriously in dispute. Plaintiff, a retail milk salesman for the Borden Milk Company, was injured in the course and scope of his employment on September 15, 1970. His duties were hazardous within the contemplation of the Louisiana Workmen’s Compensation Act.
On September 15, 1970, while delivering 2 gallons of milk, he fell, a bottle broke, and a piece of the glass bottle cut his right arm. He was driven to Ochsner Clinic where Dr. Gordon McFarland attended to his arm. He continued treatment with Dr. McFarland until his discharge on June 15, 1971. Plaintiff was paid compensation benefits of $49.00 a week from September *877 28, 1970 to December 23, 1970. Since December 23, 1970 through July 28, 1971, he was paid $17.55 a week. Plaintiff during the period of his recuperation became 65 years of age. The policy of the Borden Company with whom he was employed for some 22 years was that when an employee reached 65 years of age he was required to retire, thus plaintiff has never returned to his employment with Borden. Defendant is Borden’s insuror.
Plaintiff contends that he is totally and permanently disabled and that the Insurance Company of North America was arbitrary and capricious in reducing compensation payments on December 23, 1970, and because of his continued inability to do his customary work, Insurance Company of North America should be cast for all payments due and owing and he should receive $49.00 per week for 500 weeks, together with legal interest on installments due, attorneys fees, penalties and all costs of these proceedings.
Dr. McFarland, an orthopedic specialist, testified that David sustained lacerations to the right wrist in which he cut the flexor sublimis tendon of the index, long range and little finger. The sublimis tendon is closer to the skin of the two tendons controlling activity of each finger. It flexes the middle joint of each finger. Dr. McFarland also found lacerations of the pro-fundis tendon of the long finger and a partial laceration of the flexor pollicis longus. He was discharged on June 15, 1971, with a 15% physical impairment of the right hand. Dr. McFarland was of the opinion that David was capable of performing work such as handling 25-pound crates of milk. Dr. McFarland rendered reports to Insurance Company of North America on November 2, 1970, another on July 11, 1971 and a third on July 12, 1971. It was his conclusion that David would not have any further difficulties in the future.
Dr. Daniel Riordan, also an expert in the field of orthopedics, testified that he examined David on December 15, 1970. David complained of pain in his right hand and shoulder and lack of function of the right hand, mainly because of his loss of sensation and limitation of motion.
Dr. Riordan is of the opinion on December 15, 1970 David needed no further treatment. He needed exercise to improve this condition and he was able to return to his work as a milkman driving a truck and delivering milk, and advised Insurance Company of North America of his findings on February 19, 1971.
Dr. Steward I. Phillips, an orthopedic surgeon, saw David once and examined him on November 12, 1971. He estimated David’s disability of his right hand at 25%. He did not think David could lift any heavy weights with his right hand and that he should not return to work.
We find no error in the conclusion of the trial judge. The preponderance of the evidence does not support plaintiff’s claim for total permanent disability. The trial judge correctly found that the plaintiff sustained temporary partial disability under 23 :1221 (4) (e) in that he sustained the loss of use of a hand and therefore entitled to benefits for one hundred fifty weeks. The court also correctly found that the disability of the plaintiff was between 15% and 25% and it cannot be considered error that he ascribed to plaintiff’s claim the loss of function of 20%, thus awarding to plaintiff one hundred fifty weeks of compensation at $17.55 per week. The court feels that under the provisions of LSA 23:1223 that the defendant is entitled to a credit for all amounts already received by the plaintiff, which the parties have stipulated to be $1,457.21.
Further, the trial court ordered that defendant pay interest at the legal rate on the sum due for the period for which it should have been paid to the date of payment. This involves the difference between the sum due after December 23, 1970 of $17.55 per week and the amount paid to plaintiff of $14.16.
Affirmed in part, reversed in part.