293 So.2d 233 (1974)
B. W. S. CORPORATION, Plaintiff and Appellant,
v.
EVANGELINE PARISH POLICE JURY, Defendant and Appellee.
No. 4430.
Court of Appeal of Louisiana, Third Circuit.
April 2, 1974.
*234 Lewis & Lewis, by Seth Lewis, Jr., Opelousas, for plaintiff and appellant.
J. Wm. Pucheu, Dist. Atty., and A. Bruce Rozas, Asst. Dist. Atty., Ville Platte, for defendant and appellee.
Before CULPEPPER, MILLER and DOMENGEAUX, JJ.
DOMENGEAUX, Judge.
This appeal was prosecuted by B.W.S. Corporation from a district court judgment dismissing its suit to have declared null and unconstitutional an ordinance of the Police Jury of Evangeline Parish.
*235 This case[1] was submitted entirely on a stipulation of facts which substantially show the following: The plaintiff, B.W.S. Corporation, a domestic corporation, leased a tract or parcel of land situated in Evangeline Parish and utilized this land as an industrial waste disposal site. On February 22, 1973, in special session, the Evangeline Parish Police Jury passed an ordinance entitled "An Emergency Ordinance By The Evangeline Parish Police Jury Prohibiting The Storing, Dumping, Burying, Burning Or Otherwise Disposal of Chemical Waste Declared To Be Harmful; Providing For A Penalty For Violation Hereof". The above practice was declared to be a public nuisance and a penalty of $100.00 per every barrell or drum disposed of was provided. Subsequent to the adoption of the ordinance, the Sheriff of Evangeline Parish, through one of his deputies, served notice of the adoption of the ordinance on the representatives and employees of B.W.S. Corporation to shut down their operations. No further operations have since been conducted although B.W.S. Corporation received a permit to operate the business from the Louisiana State Board of Health. That department reviewed an operational plan submitted by the plaintiff and found it to be in satisfactory compliance with the applicable Sanitary Code provisions.
Plaintiff subsequently filed this suit to have the ordinance declared null and unconstitutional on essentially the following grounds:
(1) First, that the enactment of said ordinance regulating the disposal of chemical and/or industrial wastes was beyond the enumerated powers conferred upon police juries;
(2) Second, that the State Board of Health has exclusive jurisdiction, control, and authority over industrial waste disposal within the state under LSA-R.S. 40:11 and that the police jury has intruded into this exclusive jurisdiction;
(3) Third, that said ordinance is an unreasonable exercise of their police power and is in violation of Article 1 §§ 2, 6 of the Louisiana Constitution in that said ordinance is an attempt at the deprivation of the use and enjoyment of private property without due process of law and without just compensation.
The trial judge dismissed plaintiff's suit on the above allegations and plaintiff subsequently has appealed to this court.
We first address ourselves to the question of the power of the police jury to enact such an ordinance.
Police juries, being creatures and subordinate political subdivisions of the state, have only those powers as are conferred upon them by the constitution and laws of the state. Union Sulphur Co. v. Parish of Calcasieu, 153 La. 857, 96 So. 787 (1923); KAOK-CATV, Inc. v. Louisiana Cable T.V., Inc., 195 So.2d 297 (La. App. 3rd Cir. 1967), Washington Parish Police Jury v. Washington Parish Hospital Service District #1 et al., 152 So.2d 362 (La.App. 1st Cir. 1963).
LSA R.S. 33:1236 is the primary statute enumerating those powers which the police juries in this state have been granted. Defendant's counsel contends that Section 31 of this statute gives the police jury the right to enact an ordinance prohibiting plaintiff from conducting his business of industrial waste disposal within the parish.
Section 31 gives police juries the power "To enact ordinances to require, prohibit, *236 or regulate the destruction, disposal, or burning of trash, garbage, leaves, limbs, and branches, or debris of any kind". (Emphasis added). It is upon the phrase "debris of any kind" which defendant's counsel relies on as authority.
It is a fundamental principle in the construction of statutes that the meaning of a word or phrase may be ascertained by the meaning of other words or phrases with which it is associated. Under the doctrine of noscitura sociis and ejusdem generis general words, such as "other, etc.", following an enumeration of particular or specific classes or things are to take color from the specific, so that the general words are restricted to a sense analogous to the less general. Thus the general words should be applied only to such classes of things of the same general kind as those specifically mentioned. Hall v. Rosteet, 247 La. 45, 169 So.2d 903 (1964); State v. Hertzog, 241 La. 783, 131 So.2d 788 (1961); Israel v. City of New Orleans, 130 La. 980, 58 So. 850 (1912).
We are also constrained to give the words used in the statute their ordinary and usual signification. Venterella v. Pace, 180 So.2d 240 (La.App. 4th Cir. 1965). The meaning of a particular word, clause, or sentence must also be determined in light of the statute as a whole, each being construed with respect to and in light of all other provisions to the ends that the whole be construed in harmony with the purposes and object thereof as announced therein. Washington Parish Police Jury v. Washington Parish Hospital Service District #1 et al., supra.
In light of these general rules of construction and the specific wording found in Section 31 we can come to no other conclusion but that "debris of any kind" was not contemplated by the Legislature in its adoption of the statute to include industrial waste.
From the foregoing we therefore are of the opinion that the Evangeline Parish Police Jury is not given authority in LSA R.S. 33:1236 to enact ordinances regarding industrial waste disposal. Nor do we find such delegated authority in any other statute.
Plaintiff's second allegation is that the State Board of Health has exclusive jurisdiction, control, and authority over disposal of industrial waste material by reason of LSA R.S. 40:11 which reads in part:
"The board has exclusive jurisdiction, control, and authority over maritime quarantine and water supplies and waste disposal within the state ..." (Emphasis added)
In conformity with the aforementioned rules of statutory construction we feel the proper connotation to be placed on the words "waste disposal", in the context which they are used and taken in their usual sense, would clearly encompass disposal of chemical or industrial wastes. In accord with this proposition is Salter v. B. W. S. Corporation, Inc., 281 So.2d 764 at 767 (La.App. 3rd Cir. 1973), reversed on other grounds, La., 290 So.2d 821 (handed down February 18, 1974).
It is further provided in part B of the statute that "The board shall prepare, or cause to be prepared, a sanitary code for the state." We note once again that it was this body that issued the plaintiff herein a permit to conduct its industrial waste disposal operations as complying with the applicable sanitary code provisions of the state.
Able counsel for the defendant police jury contends that in light of the language of the 1973 enactment of LSA R.S. 40:1299.36 [after the decision of the trial court herein] it was not intended by the Legislature to give exclusive control over industrial waste disposal to the State Board of Health. Additionally it is alleged that by reason of said statute this action of nullity and illegality has become moot.
*237 LSA R.S. 40:1299.36 reads as follows:
"A. No person shall transport any industrial waste material into Louisiana with the intent to bury, store or otherwise dispose of such wastes in Louisiana if it is reasonably foreseeable that the health of any member of the public or animal life will be endangered thereby. For the purposes of this section the term `industrial wastes' shall include both solid and liquid wastes from industrial processes. This section shall not be construed so as to prohibit the transportation of waste materials into Louisiana which may be beneficial to citizens of Louisiana.
B. It shall be unlawful for any person to bury or otherwise dispose of industrial waste material, whether solid or liquid, which has been transported into Louisiana, if it is reasonably foreseeable that the health of any member of the public or animal life will be endangered thereby. This section shall not be construed so as to prohibit the transportation of waste materials into Louisiana with the intent to further process such materials into useful products. Provided that this section shall not prohibit the transportation from Louisiana offshore locations into the state of oil waste material disposed of into abandoned wells located within the state's boundaries, nor shall this section prohibit said disposal of oil waste material into abandoned wells located within the state's boundaries.
C. Whoever violates the provisions of this section shall be fined not less than ten thousand dollars nor more than fifteen thousand dollars.
D. Any existing civil remedy may be used for the enforcement of this section by any interested party. The state board of health is hereby declared to be an interested party in the enforcement of this section.
E. Nothing herein shall be construed so as to divest the state board of health of any regulatory power which is not inconsistent herewith."
It is argued that if it was so intended, this statute would have provided that the State Board of Health was to have exclusive control over industrial waste disposal rather than use the language that the board was "declared to be an interested party in the enforcement of the section". However, we note that Part E. provides that nothing in the statute divests the State Board of Health of any regulatory power not inconsistent with the statute.
It is clear from a reading of LSA R.S. 40:1299.36 that the statute only prohibits the transportation of industrial waste INTO Louisiana with intent to bury, store or otherwise dispose of and then only "if it is reasonably foreseeable that the health of any member of the public or animal life will be endangered thereby". As pointed out by plaintiff's counsel on oral argument to this court, B.W.S. has substantial industrial waste disposal business with industries which are within the state's boundaries. This statute would clearly not apply to this latter situation.
Inasmuch as Part E. explicitly provides for regulatory power not inconsistent with the statute we conclude that under LSA R.S. 40:11 the State Board of Health has the authority over the regulation of disposal of industrial wastes originating in the state.
For the foregoing reasons we conclude that the action filed herein is not moot and further find that plaintiff's first two allegations are dispositive of the case at hand. Therefore we pretermit consideration of the grave constitutional questions raised by plaintiff in its third ground for reversal.
The judgment of the District Court in denying plaintiff's request for a declaration of nullity and illegality of the aforementioned ordinance is reversed and set aside. Said ordinance, being beyond the powers given to police juries and within *238 the exclusive jurisdiction of the State Board of Health, is hereby declared to be null and without legal effect. Costs are to be assessed against defendant-appellee subject to the limitations of LSA-R.S. 13:4521.
Reversed.
NOTES
[1] After our original hearing of this case we handed down an opinion erroneously transferring this appeal to the Louisiana Supreme Court. After realizing our error and upon our motion, which was joined in by all counsel, the Supreme Court has returned the record to this Court. This previous opinion has been published in the Southern Reporter advance sheets at 288 So.2d 876 but is being recalled, and will not be published in the bound volume.