338 So.2d 1205 (1976)
Lauris BREAUX, Plaintiff-Appellee,
v.
CITY OF LAKE CHARLES, Defendant-Appellant.
No. 5670.
Court of Appeal of Louisiana, Third Circuit.
November 10, 1976.
*1206 Peter A. Ciambotti, Lake Charles, for defendant-appellant.
P. Michael Maneille, Lake Charles, for plaintiff-appellee.
Before HOOD, DOMENGEAUX and GUIDRY, JJ.
GUIDRY, Judge.
Plaintiff, a fireman, employed by the defendant, City of Lake Charles, instituted this action seeking to recover a money judgment for the amount of longevity salary increases and accrued longevity salary increases allegedly due him under the provisions of LSA-R.S. 33:1992. At the time of trial it was stipulated by the parties litigant that if plaintiff's contentions were valid, judgment should be rendered in his favor for the sum of $1773.09 plus longevity salary increases reckoning from January 1, 1976, together with legal interest on such sums due from August 27, 1974 until paid. The trial court rendered judgment in favor of the plaintiff pursuant to this stipulation. Defendant has appealed.
The uncontroverted facts, most of which were established by stipulation, reflect that plaintiff is presently employed by defendant as a Fireman First Class. On December 16, 1960 the plaintiff was initially hired by defendant as a fireman in the Lake Charles Fire Department. In December, 1963 plaintiff began receiving from defendant an annual two (2%) percent longevity salary increase as provided by LSA-R.S. 33:1992. The statute, cited infra, provides for annual longevity salary increases after three (3) years of "continuous service". For personal reasons plaintiff resigned from the department on March 28, 1971. Plaintiff received annual longevity salary increases up to the time of his resignation. On October 13, 1971, plaintiff returned to work for defendant (plaintiff contends he was reinstated, defendant contends plaintiff was reemployed) as a Fireman First Class in the Lake Charles Fire Department.
Upon plaintiff's return to the fire department on October 13, 1971 the defendant and the State of Louisiana in determining plaintiff's annual vacation and amount of supplemental pay gave him credit for his prior years of service with the Lake Charles Fire Department. The defendant granted him the annual vacation benefit of twenty-one (21) days provided by LSA-R.S. 33:1996, which is limited to fireman with ten (10) years of service. The Louisiana State Supplemental Pay Board certified the plaintiff on the date of his return to the Fire Department as eligible to receive the maximum supplemental pay of One hundred fifty dollars ($150.00), as provided in LSA-R.S. 33:2002, which is limited to firemen with six (6) or more years of service.
The defendant, City of Lake Charles, however, did not pay longevity salary increases to plaintiff after he recommenced his employment on October 13, 1971, through the next three year period which ended on October 13, 1974, contending that when plaintiff was reinstated or re-employed *1207 as a member of the fire department, it was again necessary for him to have three years of continuous service with such department before he was entitled to receive longevity salary increases.
The issue presented herein is whether a fireman receiving longevity pay increases under LSA-R.S. 33:1992, who resigns his position with the fire department and thereafter returns to his employment with the same fire department, is eligible to receive longevity pay from the time of his return, notwithstanding the break in his service.
LSA-R.S. 33:1992, the interpretation of which forms the basis of this appeal, states in pertinent part:
"From and after the first day of August, 1962, each member of the fire department, who has had three years continuous service shall receive an increase in salary of two percent and shall thereafter receive an increase in salary of two percent for each year of additional service up to and including twenty years. Both the base pay and accrued longevity shall be used in computing such longevity pay." (Emphasis ours)
Appellant contends that the provisions of the above quoted statute refer to one single period of time and service, and that the use of the word "additional" in the statute clearly means that each year is to be added on to the previous years in unbroken sequence. In other words, appellant contends that when the plaintiff resigned his position the time period or sequence was broken and when plaintiff returned to the fire department he had to requalify for the longevity pay increases. On the other hand the appellee contends that having established his eligibility for longevity benefits by three years' continuous service, he has earned the statutory right to such benefits "for each year of additional service up to and including 20 years" and that this right cannot be defeated by an interruption in service.
The trial court in well written reasons for judgment found for the plaintiff concluding that following a three year qualifying period of continuous and unbroken service a further period of continuous service is not required in order for a fireman to be entitled to longevity pay increases. The trial court reasoned:
"This is simply a case of legislative intent and, of course the best place to look for legislative intent is in the language itself. The key word in this statute is the word `continuous' and it is conspicuous in its use and nonuse. It is specifically employed as one of the conditions for establishing eligibility for longevity pay. It is conspicuously absent a few lines later in that statute when the conditions for increasing longevity pay for additional service are defined. The legislature said that, once entitled to longevity pay a fireman `shall receive an increase in salary of 2% and shall thereafter receive an increase in salary of 2% for each year of additional service up to and including 20 years', not for each year of additional continuous service up to and including 20 years".
It is a well established principle of statutory construction that the meaning of a particular word, clause, or sentence must be determined in light of the statute as a whole, each being construed with respect to and in light of all other provisions to the end that the whole be construed in harmony with the purposes and object therein announced. B.W.S. Corporation v. Evangeline Parish Police Jury, 293 So.2d 233 (La.App. 3rd Cir. 1974); Danna v. Commissioner of Insurance, 228 So.2d 708 (La.App. 1st Cir. 1969) writs refused, 255 La. 283, 230 So.2d 588. Additionally, words used in a statute should be given their ordinary and usual signification. B.W.S. Corporation v. Evangeline Parish Police Jury, supra.
We are in agreement with the trial court's interpretation of LSA-R.S. 33:1992, and in accepting the trial judge's reasons as our own we find that he construed the provisions of the statute in accordance with the above stated legal principles.
Appellant argues that the provisions of LSA-R.S. 33:1992 and the provisions of Article 14 Section 15.1 of the Louisiana Constitution of 1921, which have been continued *1208 as a statute by Article 10 Section 18 of the Louisiana Constitution of 1974 are in pari materia and must be construed with reference to each other. Appellant then reasons that since under Article 14 Section 15.1(3t) of the 1921 Constitution in computing "seniority" the employment must be "continuous and unbroken by a resignation or discharge", it necessarily follows that the statute under consideration must likewise be interpreted to mean that the service necessary to establish a fireman's eligibility for longevity pay increases must likewise be continuous and unbroken. We find no merit to this contention. Even though such statutes be construed with reference to each other, we are here concerned with the interpretation of LSA-R.S. 33:1992, which concerns the remuneration due fireman, and not with the statutory requirements necessary to establish seniority under civil service. So far as we have been able to ascertain from a reading of the cited statutes "seniority", as such, has no bearing upon the determination of the compensation which is due a fireman under the provisions of LSA-R.S. 33:1992.
For the foregoing reasons the judgment appealed from is affirmed. Costs to be assessed against defendant-appellant subject to the limitations of LSA-R.S. 13:4521.
AFFIRMED.