EDWARDS, Judge.
This is an action by E.J. Gay Planting and Manufacturing Co., Ltd. for the issuance of a mandatory injunction compelling defendant-appellant, Bayou Cable Television, Inc., to remove its cable lines from plaintiff’s property. Bayou filed an exception of no right of action alleging that the cables lie within the highway right-of-way pursuant to a use permit granted by the Department of Highways. The trial court overruled this exception.
Bayou then answered and filed a recon-ventional demand seeking to expropriate a servitude across Gay’s property. To this demand, Gay filed two exceptions. One being a peremptory exception of no right of action which alleged that cable television companies do not have expropriation rights under Louisiana law. The other being a dilatory exception of prematurity alleging that if Bayou does have expropriation rights, the absence of prior good faith nego *60 tiations precludes an expropriation proceeding. The trial court sustained Gay’s peremptory exception of no right of action and dismissed defendant’s reconventional demand. The court further granted an injunction ordering the removal of Bayou’s cables and enjoining defendant from trespassing on Gay’s land. Bayou has devolu-tively appealed, asserting that cable television companies have expropriation rights under R.S. 45:781. We reverse the trial court’s judgment sustaining Gay’s peremptory exception and granting injunctive relief, and reinstate Bayou’s reconventional demand.
BACKGROUND FACTS
During May or June, 1981, Bayou entered into negotiations with Gay to obtain a servitude across Gay’s land for the purpose of laying television cables. These negotiations were not productive. Thereafter, Bayou applied to the Department of Highways for a permit to lay its cables within the highway right-of-way on Gay’s property. When Gay became aware of the subsequent installation of the cables within the right-of-way, this injunction suit was instituted for their removal.
RIGHT OF EXPROPRIATION
The issue presented on appeal is whether cable television companies, such as Bayou, have expropriation rights under Louisiana law. Under R.S. 45:781, expropriation rights are granted to “corporations .. . formed for the purpose of transmitting intelligence by telegraph or telephone or other system of transmitting intelligence.” It is apparent from the broad language of “transmitting intelligence” and “other system” that the statute was written with the intention to include future technological change in the area of communications. Although expropriation rights are to be strictly construed, the broad language of section 781 clearly accommodates technological advancements in communications such as cable television. In fact, the case of KAOK-CATV, Inc. v. Louisiana Cable T.V., Inc., 195 So.2d 297 (La.App. 3rd Cir.1967), recognized that cable television companies are included under section 781. Although KAOK did not involve expropriation, the court clearly held that cable television is within the language of “transmitting intelligence.”
Thus, we hold that R.S. 45:781 includes cable television companies which are thereby entitled to expropriation rights as provided in the statute.
EFFECT OF R.S. 48:381
The trial court, however, held that legislative amendments to R.S. 48:381 in 1978 implicitly overruled KAOK and excluded cable television companies from R.S. 45:781. We disagree with the trial court’s conclusion as to the effect of these amendments.
The relevant part of section 381 provides that the Department of Highways may issue use permits to cable companies for the installation of underground television cables along its right-of-way servitude. But these permits cannot be granted without the prior approval of the landowner. Permits granted under section 381 to telephone, electric and telegraph companies for similar uses, however, need no prior landowner approval. The trial court held that this “prior approval” requirement for cable companies distinguishes them from telephone and telegraph companies, who clearly have expropriation rights, and this distinction is evidence of legislative intent to deny expropriation rights to cable companies under R.S. 45:781.
This argument fails to recognize, however, the proper focus of section 381. This statute is merely concerned with the situations in which the Department of Highways can grant use permits for its rights-of-way, and to whom they can be granted. The statute is not concerned with the expropriation rights of cable, telephone or telegraph companies. If the legislature had intended to take expropriation rights away from cable television companies, the proper place for amendment would have been R.S. 45:781, not R.S. 48:381.
*61 Moreover, this court in Koch v. Louisiana Power and Light Company, 298 So.2d 124 (La.App. 1st Cir.1974), cert. denied, 302 So.2d 17 (La.), held in 1974 that electric companies must also get prior landowner approval before obtaining a highway department use permit. The court imposed this requirement even though the language of section 381 allowed issuance of a permit to electric companies without prior landowner approval. As pointed out by the court, the Department of Highways, being itself merely the owner of a servitude, has no right or power to create another servitude upon the landowner’s property. Thus, prior consent of the owner is necessary. However, this in no way prevents an electric company from expropriating the servitude if landowner approval cannot be obtained. Therefore, the imposition of this requirements clearly has no effect on expropriation rights. See also Louisiana Power & Light Company v. Dileo, 79 So.2d 150 (La.App. 1st Cir.1955). Likewise, although the 1978 amendments to section 381 imposed the same landowner approval requirement on cable television companies, this does not affect their expropriation rights under R.S. 45:781.
DECREE
Accordingly, we hold that the provisions of R.S. 48:381 do not affect the rights granted cable television companies under R.S. 45:781. We reverse the trial court’s injunction and its judgment sustaining Gay’s exception of no right of action, and hold that cable television companies possess expropriation rights as provided for under R.S. 48:781. Bayou’s reconventional demand is reinstated, and the case is remanded for proceedings in accordance with this opinion. All costs of this appeal are to be borne by Gay, plaintiff-appellee.
REVERSED AND REMANDED.