CARTER, Judge.
This is an appeal brought by the State of Louisiana, Department of Revenue and Taxation (Department), from the trial court judgment declaring that the City of Alexandria, Louisiana (City), owes a special fuels tax, under LSA-R.S. 47:803(C), and qualifies as a “taxpayer” within the meaning of the statute. The Department also appeals that portion of the judgment declaring that the City may use its tax credit warrants in lieu of cash under the provisions of LSA-R.S. 47:7, et seq., to satisfy its obligation to pay the special fuels tax.
FACTS
The City operates an electric generating plant, which qualifies the City for tax credit warrants under the provisions of LSA-R.S. 47:7(B).[1] The City also purchases and uses special fuels as defined in LSA-R.S. 47:801(8).[2] The Department is authorized to levy and collect special fuels tax on the special fuels utilized by the City under the authority of LSA-R.S. 47:801, et seq. From 1964 until March 1, 1981, the City purchased special fuels and remitted the tax owed upon those purchases directly to the Department in the form of tax credit warrants. These warrants were accepted by the Department pursuant to the provisions of LSA-R.S. 47:7, et seq.
On February 4, 1981, Riley Boudreaux, Jr., then General Counsel to the Department, issued an internal departmental memorandum to Ralph Slaughter and Shirley McNamara, causing a change in the administrative policy of the Department in relation to the future acceptance of the tax credit warrants from the City. Although it is undisputed that the laws under which the City and the Department operated had not changed before or after the February 4th memorandum, this memorandum effected a change in the way LSA-R.S. 47:801, 802 and 803 were interpreted.
Subsequently, on September 29, 1983, and October 26, 1983, the Department assessed the City with special fuels tax in the amount of $27,927.20.[3] The City tendered tax credit warrants in an amount sufficient to satisfy the assessment made by the Department. The Department refused to accept the warrants and demanded that the tax payments be made in cash rather than in tax credit warrants.
After the notice of assessment was sent and the warrants were refused, a Warrant for Distraint was issued on January 10, 1984, to collect the special fuels tax from *841 the City. Thereafter, the City filed a petition with the Louisiana Board of Tax Appeals for a redetermination and reversal of the tax assessment and for an application of the warrants to the amount of tax due. After the filing of the application with the Board of Tax Appeals, a compromise and joint agreement was reached, which provided for payment of the assessment in deferred installment payments, subject to the City’s right to pursue a petition for declaratory judgment.
On October 2,1984, the City filed suit for declaratory judgment in the Nineteenth Judicial District Court, Parish of East Baton Rouge, for a determination of whether the tax credit warrants could be used to satisfy the City’s obligation for the payment of the special fuels tax.
On July 12, 1985, written reasons for judgment were issued by the trial court, and on August 8, 1985, judgment was signed, declaring that the City of Alexandria owed the special fuels tax levied under LSA-R.S. 47:803(C) and was, therefore, a taxpayer within the meaning of the statute. Furthermore, pursuant to LSA-R.S. 47:7(B), the court found the City was entitled to pay all such tax assessments with tax credit warrants.
ASSIGNMENTS OF ERROR
The Department appeals, raising the following issues:[4]
1. Whether the trial court erred in finding the City of Alexandria, Louisiana, a purchaser of special fuels, qualifies as a taxpayer under the provisions of LSA-R.S. 47:808.
2. Whether the trial court erred in allowing the City of Alexandria to use its tax credit warrants in lieu of cash under the provisions of LSA-R.S. 47:7, et seq., to satisfy the special fuel use taxes assessed by the state in accordance with LSA-R.S. 47:803.
DISCUSSION
The Department contends that the City cannot pay the special fuel tax with warrants because those warrants can be used only for payment of tax owed by the municipality. The Department contends that under LSA-R.S. 47:803(A) the special fuels tax is owed by the supplier, not by the purchaser (the City). The Department reasons that if the City does not owe the tax, it cannot be a taxpayer as contemplated by LSA-R.S. 47:7(B) and, therefore, cannot use the warrants to satisfy this particular tax. The Department further contends that the fact that a demand for payment of the special fuels tax was made on the City does not confer upon it the status of “taxpayer.” Thus, the Department concludes that the City, a user of special fuels, is not a taxpayer as contemplated in LSA-R.S. 47:7(B) enabling it to apply the tax credit warrants to the tax assessed by the State, but that the City is in fact required to pay the tax due on the same special fuels it uses under the authority of LSA-R.S. 47:803(A) and (C).
The City contends that the tax is levied on the fuel at the time of its use or consumption, as well as at the time it is sold, and that the City is a user of special fuels within the meaning of LSA-R.S. 47:803(C). Accordingly, as the City is obligated to pay the tax, the tax is in fact owed by the City. It follows then that if the City owes the tax, it is a taxpayer and, as such, can use the tax credit warrants to pay such tax.
The trial court, in written reasons for judgment, found that the City owes the special fuels tax and, therefore, qualifies as a taxpayer within the meaning of LSA-R.S. 47:7(B), entitling it to pay the tax owed with warrants, as per LSA-R.S. 47:7(B). We agree
The City of Alexandria is a municipality which operates its own electrical generation and distribution facility in Louisiana. Under LSA-R.S. 47:7(B), the City shall be allowed a direct credit against any tax that is owed by the municipality to the State of Louisiana. Furthermore, under LSA-R.S. 47:7(F), each municipality to *842 whom tax credit warrants have been issued may surrender the warrants to the officer or agency to which is payable any tax against which the credit provided in LSA-R.S. 47:7(B) is applicable. Clearly, the City is eligible to receive a direct credit and use these tax credit warrants for the payment of any tax that it owes to the State. But, in order to be able to use these warrants to pay a tax, a municipality must in fact owe the tax.
The meaning of a particular word, clause, or sentence must be determined in light of the statute as a whole, each being construed with respect to and in light of all other provisions, to the end that the whole shall be construed in harmony with the purpose and object therein announced. Breaux v. City of Lake Charles, 338 So.2d 1205 (La.App. 3rd Cir.1976).
Under LSA-R.S. 47:802(A), a tax is imposed “on all special fuels, as defined in LSA-R.S. 47:801, when sold, used, or consumed in the state of Louisiana_” (emphasis added). Furthermore, LSA-R.S. 47:803 provides classifications of persons who must pay the tax as follows:
A.The tax levied hereunder shall be collected or paid by suppliers on all special fuels sold or delivered by them when:
(1) Sold to a dealer who does not hold a valid Class 1 permit and delivered into storage facilities suitable for fueling motor vehicles;
(2) Sold to a user and delivered into a storage tank marked “Tax-Paid Fuels” as provided in R.S. 47:804;
(3) Sold to a user and delivered into storage facilities suitable for fueling motor vehicles except those storage facilities used for residential purposes which are not marked “Not for Vehicle Use” as provided in R.S. 47:804 or used by bulk users and marked “Bulk User-Highway Fuel”;
(4) Delivered to a service station, garage or retail outlet which does not hold a Class 1 permit into storage facilities suitable for fueling motor vehicles;
(5) Used in any motor vehicle owned, or operated by him;
(6) Delivered into the fuel supply tanks of a motor vehicle, or
(7) Sold to farmers who are on a flat rate basis.
B. The tax levied hereunder shall be paid by an interstate user on special fuels imported into this state by him.
C. The tax levied hereunder shall be paid by any person who uses special fuels in this state on which the tax levied hereunder has not been paid; provided that bulk users shall pay the tax when and if special fuel purchased tax-free under R.S. 47:803(A) is removed from storage and is consumed for the operation of motor vehicles in Louisiana.
While the tax on special fuels is to be collected or paid by the suppliers of the fuel under LSA-R.S. 47:803(A), under LSA-R.S. 47:803(C), “[t]he tax levied hereunder shall be paid by any person who uses special fuels in this state on which the tax levied hereunder has not been paid_”[5] (emphasis added). As the tax levied under this statute has not been paid and as the City is a user of special fuels within the meaning of LSA-R.S. 47:803(C), the City owes the tax under LSA-R.S. 47:803(C).
Having determined that the City owes the special fuels tax, we find that, under LSA-R.S. 47:7(B), the City may pay such tax with tax credit warrants.
Great weight is properly to be given to the construction consistently given to a statute by the Executive Department charged with its administration. And such construction is not to be overturned unless clearly wrong, or unless a different construction is plainly required. State v. Standard Oil Co. of Louisiana, 190 La. 338, 182 So. 531 (1938).
*843 In the present case, the Department had been accepting the warrants for the payment of special fuels tax owed by the City without question until March 1, 1981. The Department admits that the law did not change and that the only change which occurred was the opinion of the General Counsel for the Department (the agency responsible for the administration of the act in question). The Department has offered no substantial reason why a different construction of this statute is warranted. The trial judge determined that the City could pay its tax obligations with tax credit warrants. Under the aforementioned jurisprudence, we find that such construction is not clearly wrong nor is a different construction required.
Therefore, we find that the trial court did not err in holding the City of Alexandria owed the tax due on the special fuels under LSA-R.S. 47:803(C) and that the tax credit warrants could be used to satisfy their tax obligation.
CONCLUSION
For the above reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed against the Department in the amount of $475.62.
AFFIRMED.

. LSA-R.S. 47:7(B) provides as follows:
Every municipality that operates an electric generating plant in the state of Louisiana shall be allowed a direct credit against any tax or combination of taxes owed by such municipality to the state of Louisiana, or any parish, other municipality, other political subdivision or any other taxing authority of the state, the amount of which credit shall be proportioned to the amount of gas, as hereinafter defined, used or consumed in Louisiana by such municipality in the operation of an electric generating plant at the rate of three cents per thousand cubic feet of gas used or consumed during each calendar year.

. LSA-R.S. 47:801(8) defines special fuels as follows:
“Special Fuels" means and includes all combustible gases and liquids used or suitable for use in an internal combustion engine or motor for the generation of power for motor vehicles, except such fuels as are subject to the tax imposed by Part I of Chapter 7 of Title 47 of the Louisiana Revised Statutes of 1950.

. In the September 29, 1983, tax notice, in the October 26, 1983, notice of assessment, and in the Final Notice Before Seizure, the total tax due from the City was $27,927.20. However, in the Joint Stipulation of Facts the amount of tax owed was listed as follows: “TWENTY-SEVEN THOUSAND NINE HUNDRED TWENTY AND 27/100 ($27,927.27) DOLLARS.”

. Both issues will be discussed together.

. The term "person" is defined as follows in LSA-R.S. 47:801(7):
"Person” includes, in addition to the definition contained in R.S. 47:2, all cities, municipalities, and other subdivisions, departments, agencies, boards and instrumentalities of a state.