Dear Mr. Sanchez:
This office is in receipt of your opinion request directed to Attorney General Richard P. Ieyoub. We restate your inquiry in the factual context presented:
 A fire fighter with 25 years of longevity with Fire Department "A" retires and accepts new employment with Fire Department "B". What is the status of his future longevity payments with Fire Department "B"?
LSA-R.S. 33:1992 directs municipalities above a specified population level and all parish and fire protection districts to grant fire department employees annual longevity pay increases. The statute provides in pertinent part:
 From and after the first day of August, 1962, each member of the fire department who has had three years continuous service shall receive an increase in salary of two percent and shall thereafter receive an increase in salary of two percent for each year of additional service up to and including twenty years. Both the base pay and accrued longevity shall be used in computing such longevity pay. LSA-R.S. 33:1992(B).
You correctly state that a fire fighter would have no opportunity of future longevity payments if the years of accumulated longevity with Fire Department "A" are used to offset his years of future service with Fire Department "B". However, this office is of the opinion that this result flows from an incorrect interpretation of the statute.
A fire fighter employed by a municipality or fire protection district is guaranteed annual longevity pay increases after his third year of continuous service, up to the twentieth year. The statute specifically refers to "the fire department", which this office interprets as a period of time and service with a particular municipality, parish, or fire protection district. For this reason, a fire fighter's eligibility for longevity payments with Fire Department "B" is not affected by his service time accrued while employed with Fire Department "A". Of course, a fire fighter becomes eligible for longevity payments with Fire Department "B" only after three years of continuous service with Fire Department "B". See Breaux v. City of Lake Charles, 338 So.2d 1205 (La.App. 3rd. Cir. 1976).
Should you have further inquiries in which you need assistance, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
BY: KERRY L. KILPATRICK Assistant Attorney General RPI/KLK/ 94-10