Dear Treasurer Landrieu:
You have requested an opinion of this office regarding the Rockefeller Foundation Wildlife Refuge and Game Preserve Fund (the "Preserve Fund") and R.S. 56:797A(2), which pertinently provides:
 "The state treasurer is authorized and directed to transfer annually an amount equalling five percent of the annual revenues credited to said fund into a special fund designated as the Rockefeller Wildlife Refuge Trust and Protection Fund." (emphasis added).
Specifically, you have asked whether R.S. 56:797A(2) requires interest earnings in the Preserve Fund to be included in the`annual revenues' for determining the five percent allocation.
We are aware that the Treasurer's office has interpreted the phrase `annual revenues' as excluding interest for quite a number of years. In accordance with the doctrine of contemporaneous construction, your interpretation should be given great weight.
On the other hand, consideration should also be given to the following rules of statutory construction:
 "Words and phrases shall be read with their context and shall be construed according to the common and approved usage of the language." R.S. 1:3. The safe rule of statutory interpretation is to give commonplace terms of statutes their most usual and ordinary meaning. State v. Brunson, 111 So. 321 (La. 1927). Words used in a statute should be given their ordinary and usual signification. Breaux v. City of Lake Charles, 338 So.2d 1205 (La.App. 3rd Cir., 1976).
In accordance with the Webster's II New Riverside University, `revenue' means "Yield from investment or property: INCOME". Clearly, interest earnings can be considered to be `income'. As such, the legislature may have intended interest earnings to be considered as `annual revenues' as well. However, in reading the words `annual revenues' in accordance with their context, it is significant that R.S. 56:797 also refers to`revenues. . .received as royalty, rentals, or otherwise fromleases', `mineral and interest income' and`annual income'. As such it is unclear to this office as to whether the legislature intended all of these phrases to have the same or different meanings.
Because the rules of statutory construction seem to produce differing results as to the meaning of `annual revenues'
as used in R.S. 56:797, this office expresses no opinion as to whether the phrase `annual revenues', as used in R.S.56:797A(2), includes interest income. Rather, we believe it would be best if the Treasurer's office sought legislative clarification of the issue presented.
We trust this correspondence has adequately addressed your inquiry. Should you need additional information, please do not hesitate to contact us.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: _________________________________ MARTHA S. HESS Assistant Attorney General
RPI:JMZ:MSH:jv
mll94-575
The Honorable Mary L. Landrieu State Treasurer State of Louisiana P.O. Box 44154 Baton Rouge, Louisiana 70804
DATE RECEIVED: November 3, 1994
DATE RELEASED:
MARTHA S. HESS, ASSISTANT ATTORNEY GENERAL