Dear Mr. Bussey:
Reference is made to your recent request for an opinion of this office regarding the Rapides Parish Library System (the "Library"). According to your correspondence, the Library has been asked to manage a medical computer database which will be utilized exclusively by the doctors and hospitals (both public and private) of Rapides Parish. You have advised by telephone that almost all of the funding for the operation of the database, including the salary for a medical librarian, will come from a grant from the Rapides Foundation, a private foundation. However, you have also advised that the Library anticipates that it will have to provide, at its cost, personnel to man the database when the medical librarian is off duty, on vacation, etc.
Specifically, the library is interested in determining whether it can legally operate this database, as it will not be open to the public.
We have reviewed the provisions of law entitled "Parish and Municipal Libraries", which can be found at R.S. 25:211, et seq. We note that these statutory provisions do not provide any specific guidance as to the activities that these libraries are to engage in, nor do these provisions prohibit parish libraries from engaging in any specific activities. However, we find it pertinent that these provisions of law refer repeatedly and exclusively to "public libraries".
Words and phrases should be construed according to the common and approved usage of language. R.S. 1:3. The words of a law must be given their generally prevailing meaning. C.C. Art. 11. When construing statutory provisions, the words thereof should be given their natural meaning and their ordinary and usual signification. State v. Mack, 71 So.2d 315 (La. 1954); Breaux v. City of Lake Charles, 338 So.2d 1205
(La.App. 3rd Cir. 1976). We note that according to Webster's II New Riverside University Dictionary, 1988 "public" means "Maintained for or used by the people of the community (public stadium)" and "Participated in or attended by the people or community (a public concert)".
In our opinion, by repeated and consistent use of the words "public library", the legislature signified its intention that such libraries, as well as the resources and services provided by such libraries, be maintained on behalf of and made available for usage by, the general public. As such, it is our opinion that the Library cannot legally operate the database in question, unless the information available through the database is made available to the public at large.
Your question must also be addressed in light of the Louisiana Supreme Court decision rendered in City of PortAllen v. Louisiana Municipal Risk Management Agency, Inc.,439 So.2d 399 (La. 1983). That case interpreted this state's constitutional prohibition against the loan, pledge or donation of assets or "things of value" belonging to a governmental entity and the exceptions thereto, the relevant provisions of which are set out in La. Const. Art. VII, Sec. 14(A) — (C).
In City of Port Allen, supra, the Court stated that Art. VII, Sec. 14(A) ". . . is violated whenever the state or a political subdivision seeks to give up something of value when it is under no legal obligation to do so." The Court went on to state that the constitutional authorization for cooperative endeavors, contained in Sec. 14(C) of Art. VII, does not provide for an exception to the prohibition contained in Sec. 14(A):
 "There is no indication that [Sec. 14(C)] is meant to be an exception to the rule of Sec. 14(A). . . Thus, even if political subdivisions cooperate for a public purpose, they still may not give away their assets to other political subdivisions, the United States government or public or private associations or corporations or to individuals merely for a `public purpose'.
In our opinion, parish libraries have no obligation or authority to fund or implement, or to provide resources for the use of a limited segment of the public. Clearly, providing the medical community with access to the medical database in question is a laudatory endeavor. However, as previously stated, the duty of "public libraries" is to provide resources and information to the public at large.
There being no underlying legal obligation or duty for the provision of services to a limited segment of the community, it is our opinion that the Library cannot provide, at the expense of the public, personnel to man the database when the medical librarian is off duty, on vacation, etc. Of course, if the information contained on the database is made available to the public, as we assume are the other resources available to the Library, then the Library could certainly contribute its services, as well as its funds, to the operation of the database.
One other issue presented by your request pertains to the payment of a public employee's salary by a private entity. However, the question that arises in this regard is an ethical one more properly addressed by the Board of Ethics. In light of the fact that the Rapides Foundation contemplates funding the salary of the medical librarian, we suggest that the Library pose this issue to the Board of Ethics. By copy hereof to the Board of Ethics, we hereby notify them of our suggestion in this regard.
Trusting the foregoing to be of assistance to you, we are,
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: ___________________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
RPI:JMZB:jv
DATE RECEIVED: 4/4/96
DATE RELEASED:
JEANNE-MARIE ZERINGUE BARHAM, ASSISTANT ATTORNEY GENERAL