Dear Ms. Pierre:
You requested an Attorney General's opinion regarding participation in the LASERS retirement system. You advise that retirees from the Louisiana Department of Revenue are often rehired by the Department into unclassified WAE positions. You indicate that La.R.S. 11:411 provides that persons who become an employee in the state service are eligible for membership in LASERS. However, La.R.S. 11:413 sets forth certain classes of employees that are not eligible for membership in LASERS. R.S. 11:413
provides in pertinent part:
 The following classes of employees and officers shall not be or become members of this system:
 * * * * * (3) Persons employed as of July 1, 1991, on a part-time, intermittent, temporary, emergency, or job appointment basis, except those employees who have ten or more years of creditable service in the system.
 * * * * * (13) Unclassified, temporary seasonal income tax rush employees, and unclassified work-as-needed (WAE) employees at the Department of Revenue excluding the Louisiana Tax Commission.
Based upon this statute, when the Department hires a retiree into a WAE position, the Department considers the rehired retiree as not eligible for membership in LASERS and therefore not subject to the provisions of La.R.S. 11:416. This practice was based not only on the Department's interpretation of the statutes, but also upon guidance from LASERS. *Page 2 
It appears that LASERS has recently changed its position, and now believes that retirees hired into WAE positions are subject to R.S. 11:416. You indicate that in a letter from LASERS to the Department dated October 2, 2006, the position taken is that when La.R.S. 11:413(3) and (13) are read in pari materia, all LASERS retirees hired by the Department fall under the provisions of La.R.S. 11:416, whether or not they are hired into a WAE position. The stated reasoning is that although subsection (13) seems to exclude WAE employees of the Department, because all LASERS retirees (except for a very few judges) have at least ten years of service credit, the application of subsection (3) causes them to be subject to La.R.S. 11:416 governing rehired retirees.
You question whether La.R.S. 11:413(13) exempts retirees who are rehired by the Department of Revenue into WAE positions from the provisions of La.R.S. 11:416, or whether when read in conjunction with La.R.S. 11:413(3), it subjects such rehired retirees to the provisions of La.R.S. 11:4165.
In interpreting R.S. 11:413, we must look at the statute as a whole.[1]
The statute sets forth certain classes of employees and officers that are not members of LASERS. If an employee falls within any of the enumerated categories, then that employee is not eligible for membership. Each class of employees, set forth in R.S. 11:413(1) — (15) respectively, is separate and distinct. The qualifications or restrictions for a particular class of employees are only applicable to that class, and do not carry over to the other classes. This means that the exception for ten or more years of creditable service found in R.S. 11:413(3) does not apply to any other class of employee. WAE employees at the Department of Revenue fall within their own class of employees, as set forth in R.S.11:413(13), and are not eligible to participate in LASERS regardless of years of creditable service. Therefore, it is our opinion that retirees rehired by the Department of Revenue into WAE positions are not eligible for membership in LASERS.
Our conclusion is further supported by the principle of statutory construction that where a general provision conflicts with a more specific provision, the more specific provision should be given effect — even if this involves restricting the application of the general principle. Smith v. Cajun Insulation, Inc., 392 So.2d 398 (La. 1980);State ex rel. Bickman v. Dees, 367 So.2d 283 (La. 1978); Esteve v.Allstate Ins. Co., 351 So.2d 117 (La. 1977); State v. Maduell,326 So.2d 820 (La. 1976). *Page 3 
Trusting this adequately responds to your request, we remain
 Yours very truly,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY:__________________________ KENNETH L. ROCHE, III Assistant Attorney General
 CCF, JR/KLR, III/crt
[1] Breaux v. City of Lake Charles, 338 So.2d 1205 (La.App. 3rd Cir. 1976), "It is a well established principal of statutory construction that the meaning of a particular word, clause, or sentence must be determined in light of the statute as a whole, each being construed with respect to and in light of all other provisions to the end that the whole be construed in harmony with the purposes and object therein announced."